**SOUTHERN UNDERWRITERS v. DUMAS et al.**

No. 3491.

Court of Civil Appeals of Texas. Beaumont.

June 15, 1939.

Rehearing Denied June 28, 1939.

Battaile & Burr, of Houston, for plaintiff in error.

Howth, Adams & Hart and Mike Daughtry, all of Beaumont, for defendants in error.

WALKER, Chief Justice.

This is a workmen's compensation case, instituted by defendant in error, Octave Dumas, the employee, and others, hereinafter referred to as appellees, as an appeal from the final award of the Industrial Accident Board; plaintiff in error, The Southern Underwriters, hereinafter referred to as appellant, was the compensation insurance carrier; the Southern Lumber Company was the employer. Judgment was for appellees in the sum of $1,703.26, on the verdict of the jury finding the following facts:

On the 20th day of July, 1937, in Jefferson County, when appellee Dumas "went to take a stick out of an edger machine he sustained a personal injury," receiving "a mashing of his left thigh and twisting of his back," "caused by the apron he was wearing becoming caught in the cogs of the roller"; the personal injury "was an ac-

cident," "sustained in the course of his employment with the Southern Lumber Company"; as the result of his injuries appellee Dumas sustained a total incapacity "to work and earn money," which began on the 20th day of July, 1937, and ended on the 25th day of October, 1937, followed "by partial incapacity to work and earn money," which is "permanent." It was also found, in answer to special issue No. 12, that the personal injury sustained by appellee Dumas on the 20th day of July, 1937, "was the producing cause" of his incapacity, total and partial, "to work and earn money." The jury gave an affirmative answer to special issue No. 13, which was as follows: "From the preponderance of the evidence, do you find that the personal injury, if any, sustained by Octave Dumas on or about July 20, 1937, was and is such a cause that without such cause the incapacity or disability, if any, to work and earn money would not have happened?" Additional facts supporting the judgment were found in appellee's favor.

The court submitted the following definition of "contributing cause" in connection with the 12th special issue: "In this connection you are instructed that the 'producing cause' is such as naturally results in the incapacity or disability, if any, to work and earn money and such as is at all times a continuing and unbroken cause or contributing cause of such incapacity or disability to work and earn money."

Appellant submits its appeal on two propositions attacking this definition. The first proposition is to the effect that the definition of "producing cause" did not inform the jury that the producing cause must be such that without it the incapacity would not have occurred; this point presents harmless error. The omitted element of the definition was submitted to the jury by the 13th special issue, and found in appellees' favor.

The second proposition is to the effect that the court "should not have instructed the jury that the 'producing cause' is such as naturally results in the incapacity, if any, and such as is at all times a continuing and unbroken cause or contributing cause of such incapacity, because such instruction fails to confine the jury to a consideration of the cause of incapacity supported by the record, and permits them to find that plaintiff's said injuries alone were not the producing cause of the incapacity,

but that in connection with other speculative causes, finding no support in the record, they were the producing cause." Appellant has briefed this proposition simply as technical error, and has brought forward no facts suggesting injury. The evidence is to the effect that the incapacity suffered by appellee resulted from the injury put in issue by the pleadings, and found in his favor by the jury.

No error is shown, and the judgment of the lower court is in all things affirmed.

Affirmed.